IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 22-cv-00790-CMA-KLM

NORTHWEST BUILDING COMPONENTS, INC.,

    Plaintiff,

v.

PHILIP D. ADAMS,

    Defendant.

## ORDER GRANTING MOTION TO STAY DISCOVERY

This matter is before the Court on Defendant's Motion to Stay Discovery (the "Motion," Doc. # 24). For the following reasons, the Court grants the Motion and orders expedited briefing on Defendant's Motion to Dismiss for Lack of Jurisdiction or Improper Venue, or in the Alternative, Motion to Transfer Venue (Doc. # 15).

### I. BACKGROUND

This is a dispute between a former employer and employee. On March 30, 2022, Plaintiff Northwest Building components, Inc. ("Plaintiff" or "Northwest") commenced this action against Defendant Philip D. Adams ("Defendant" or "Mr. Adams"). (Doc. # 1.) Northwest alleges, *inter alia*, that Mr. Adams breached his employment agreement, misappropriated trade secrets, and has engaged in conversion and unfair competition. (*Id.*) Mr. Adams denies these allegations. (Doc. ## 15, 24.)

On the same day that Northwest initiated this lawsuit, it also filed a: (1) Motion for Temporary Restraining Order (Doc. ## 2, 4); (2) Motion for Preliminary Injunction (Doc. ## 3, 4); and (3) Motion to Expedite Discovery (Doc. # 5). The Court denied the Motion for Temporary Restraining Order for failure to give proper notice to Mr. Adams. (Doc. # 10.) The Court also ordered that Defendant be served with all papers in this action, and the Court ordered Mr. Adams to file a response by April 11, 2022. (*Id.*)

Upon review of the briefing submitted by Northwest, the Court granted the Motion to Expedite Discovery on April 11, 2022. (Doc. # 19.) That same day, Mr. Adams filed a Motion to Dismiss for Lack of Jurisdiction or Improper Venue, or in the Alternative, Motion to Transfer Venue ("Motion to Dismiss," Doc. # 15). Mr. Adams also filed the instant Motion, seeking a stay of discovery pending resolution of his Motion to Dismiss. (Doc. # 24.) The Court ordered expedited briefing and directed the Parties to address whether jurisdictional discovery is required to resolve Defendant's Motion to Dismiss. (Doc. # 25.) The Motion to Stay is now ripe for review (Doc. ## 27, 28).

The Parties dispute which contract controls in this case. Northwest maintains that this action is governed by an Employment Agreement. (Doc. # 1 at ¶¶ 7, 19.) According to Plaintiff, the Employment Agreement contains a forum selection clause providing that all lawsuits "shall be brought exclusively in the state or federal courts located in Denver, Colorado." (Doc. # 1 at ¶ 7.) As a result, Northwest argues that the Court has jurisdiction over Defendant, and Northwest also maintains that venue is proper in the District of Colorado. (*Id.*)

In contrast, Mr. Adams argues that this dispute is governed by a Severance Agreement that supersedes the Employment Agreement. (Doc. # 15 at 2.) According to Mr. Adams, the Severance Agreement "contains an exclusive forum selection clause of Idaho." (*Id.*) Thus, Mr. Adams argues that the Court does not have personal jurisdiction over him. Mr. Adams also argues that venue is improper in the District of Colorado. (*Id.*)

As a result of these jurisdictional and venue arguments, Mr. Adams asserts that the Motion should be granted because the Motion to Dismiss may dispose of the entire action. (Doc. # 24 at 2.) Plaintiff opposes the Motion and argues that Mr. Adams has not established the required factors for the Court to grant the stay. (Doc. # 27.) With respect to discovery, Northwest argues that it "believes that discovery will support a finding that Defendant has had sufficient minimum contacts with Colorado to support this Court's exercise of personal jurisdiction over him." (Doc. # 27 at 15–16.) In reply, Mr. Adams argues that jurisdiction is a legal question based on the competing contracts. (Doc. # 28.)

## II.  LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*

*v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

A stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227. Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).

### III.   ANALYSIS

The Court finds that a brief stay of discovery is warranted pending resolution of the Motion to Dismiss. First, the Court acknowledges that Plaintiff has an interest in

proceeding expeditiously with this case. Resolution of the pending Motion to Dismiss would necessarily delay the ultimate resolution of this case. *See Chavez*, 2007 WL 683973, at *2 (noting that staying discovery pending resolution of a motion to dismiss "could substantially delay the ultimate resolution of the matter, with injurious consequences"). In light of that interest, the Court finds the first factor to weigh slightly against the imposition of a stay. *See Four Winds Interactive LLC v. 22 Miles, Inc.*, No. 16-cv-00704-MSK-STV, 2017 WL 121624, at *2 (D. Colo. Jan. 11, 2017) (finding the first factor to weigh against a stay, because of the plaintiff's interest in proceeding expeditiously, and because a final determination on the motion to dismiss "could take several months"); *see also 1 Priority Env't Servs., LLC v. Int'l Turbine Servs., LLC*, No. 20-CV-03420-KMT, 2021 WL 778992, at *3 (D. Colo. Mar. 1, 2021). However, this action was initiated less than one month ago, and the Court also finds that this factor is mitigated by ordering expedited briefing on the Motion to Dismiss. *See String Cheese Incident, LLC*, 2006 WL 894955, at *2 (granting motion to stay for one month pending resolution of a motion to dismiss).

As to the second factor, the Court notes that a stay is not warranted merely by virtue of a defendant's filing of a purportedly dispositive motion to dismiss. *Church Mut. Ins. Co. v. Coutu*, No. 17-CV-00209-RM-NYW, 2017 WL 3283090, at *3 (D. Colo. Aug. 2, 2017) ("[N]o element of the *String Cheese* factors requires that this court make a preliminary determination as to the likelihood of success of either the dispositive motion or the ultimate merits of the case."). Nonetheless, the Court finds that the second factor does support the imposition of a stay in this case pending resolution of Defendant's

5

Motion to Dismiss. Importantly, the Motion to Dismiss raises threshold questions of law regarding jurisdiction and venue, which must be resolved at this early stage of the proceedings. *See Burkitt v. Pomeroy*, No. 15-cv-02386-MSK-KLM, 2016 WL 696107, at *1 (D. Colo. Feb. 22, 2016) ("Questions of jurisdiction... should be resolved at the earliest stages of litigation, so as to conserve the time and resources of the Court and the parties."); *Sallie v. Spanish Basketball Fed'n*, No. 12-cv-01095-REB-KMT, 2013 WL 5253028, at *2 (D. Colo. Sept. 17, 2013) ("Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved."). Accordingly, this factor weighs in favor of granting a brief stay.

The Court also finds Plaintiff's interest in proceeding expeditiously with the case is overcome by the potential burden to Mr. Adams "if [he] were forced to proceed with discovery only to have the case dismissed for lack of jurisdiction." *Morrill v. Stefani*, No. 17-cv-00123-WJM-KMT, 2017 WL 1134767, at *2 (D. Colo. Mar. 13, 2017). Specifically, the Motion to Dismiss is based on a purported lack of personal jurisdiction and improper venue. *See String Cheese Incident, LLC*, 2006 WL 894955, at *2 ("[S]ubjecting a party to discovery when a motion to dismiss for lack of personal jurisdiction is pending may subject him to undue burden or expense, particularly if the motion to dismiss is later granted."); *Aurora Bank FSB v. Network Mortg. Servs., Inc.*, No. 13-cv-00047-PAB-KLM, 2013 WL 3146972, at *2 (D. Colo. June 19, 2013) (finding the second factor to weigh in favor of a discovery stay, where the case was "in the very early stages," and the pending motion to dismiss alleged a lack of personal jurisdiction over the defendant).

Thus, given the nature of the Motion to Dismiss, requiring the Parties to submit to full, expedited discovery at this time would potentially subject Mr. Adams to undue burden and expense, especially if this matter is, in fact, ultimately transferred to another forum with incongruent discovery obligations. *See PopSockets LLC v. Online King LLC*, No. 19-cv-01277-CMA-NYW, 2019 WL 5101399, at *3 (D. Colo. Oct. 11, 2019) ("[T]his court agrees with Defendant that [its] burden could become prejudicial in the event this matter is transferred to another district, thereby increasing the possibility of inconsistent discovery rulings and court hearings.").

Turning to the third factor—court convenience—judicial economy and resources would plainly be wasted if the Court allowed discovery to proceed, only to later determine that Plaintiff's claims must be dismissed or transferred to another venue. *See Skyline Potato Co. v. Rogers Bros. Farms, Inc.*, No. 10-cv-02353-WJM-KLM, 2011 WL 587962, at *2 (D. Colo. Feb. 10, 2011) ("[T]he Court notes that neither its nor the parties' time is well-served by being involved in the 'struggle of the substance of suit' when potentially dispositive issues are adjudicated at the outset of a case.").

The fourth factor—interests of a non-party—is neutral. Plaintiff seeks expedited discovery from non-party Builders FirstSource, Inc. (Doc. # 5 at ¶ 5.) Based on the Parties' arguments, it appears that Builders FirstSource, Inc. may be subject to third-party discovery requests, regardless of where litigation is pending. Further, the Court notes that non-parties typically have narrower discovery obligations than parties. *See In re HomeAdvisor, Inc. Litig.*, No. 16-CV-01849-PAB-KLM, 2019 WL 12473434, at *5 (D. Colo. Dec. 16, 2019). Thus, this factor does not weigh for or against a stay.

As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose. *CGC Holding Co., LLC v. Hutchens*, 965 F. Supp. 2d 1277, 1279 (D. Colo. 2013) (stating that the public has an interest in not wasting a court's "valuable time").

Accordingly, on this record, and having weighed the *String Cheese* factors, the Court finds that a stay of discovery is appropriate pending resolution of the Motion to Dismiss.

Finally, the Court asked the parties to address whether jurisdictional discovery is necessary to resolve the pending Motion to Dismiss. Plaintiff argues that it believes that "discovery will support a finding that Defendant has had sufficient minimum contacts with Colorado to support this Court's exercise of personal jurisdiction over him." (Doc. # 27 at p. 15.) However, the Court finds that jurisdiction and venue as alleged in the Complaint are based on a forum selection clause. (Doc. # 1 at ¶ 7.) Plaintiff's Motion to Dismiss is based on a competing forum selection clause. (Doc. # 15.) Plaintiff has not explained what limited jurisdictional discovery is necessary for the Court to analyze these competing forum selection clauses, nor has Plaintiff explained how the lack of discovery would impact the outcome of the case. *See Gas Sensing Tech. Corp. v. Ashton*, 795 F. App'x 1010, 1017 (10th Cir. 2020). Accordingly, the Court will not order jurisdictional discovery on Defendant's Motion to Dismiss.

## IV. CONCLUSION

For the foregoing reasons, the Court ORDERS as follows:

- Defendant's Motion to Stay (Doc. # 24) is GRANTED. This case is STAYED pending resolution of Defendant's Motion to Dismiss (Doc. # 15).

- The Court ORDERS expedited briefing on Defendant's Motion to Dismiss. Plaintiff shall file a response on or before April 29, 2022. Defendant's reply due on or before May 6, 2022.

DATED:  April 20, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge